**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. MARASIGAN,<br>JOSE ARTHUR "ART" D. CHAN, JR., and<br>CHRISTINE C. CHAN,<br><br>Defendants. | CRIMINAL CASE NO. 23-00014<br><br><br>**DECISION & ORDER<br>RE MOTION TO DISMISS<br>THE INDICTMENT** |

Before the court is Defendant Jose Arthur "Art" D. Chan, Jr.'s Motion to Dismiss. *See* Mot., ECF No. 138. Defendants Christine C. Chan and Michael L. Marasigan filed a Joinder to the Motion. *See* Joinders, ECF Nos. 142 and 143.[1] The court heard the matter on May 22, 2024. For the reasons stated herein, the Motion is hereby **DENIED.**

### I. Background

The Indictment was filed on May 10, 2023.[2] *See* Indictment, ECF No. 1. Jose, Christine,

---

[1] Defendant Richard C. Brown filed a Joinder (ECF No. 144), but he has since passed away. The Indictment as to Richard C. Brown was dismissed. *See* Order, ECF No. 161.

[2] Because there are two defendants with the same last name, the court will refer to the defendants by their first name.

and Michael were charged with the following:[3] Count 1, Conspiracy to Operate Illegal Gambling Business, in violation of 18 U.S.C. §§ 371 and 1955; and Count 2, Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). Christine and Michael were also charged with several counts of Money Laundering, in violation of 18 U.S.C. §§ 1957 and 2.

According to the Indictment, from March 2015 to about December 31, 2021, the defendants agreed with themselves and others to conduct an illegal gambling business involving bingo games sponsored by the Guam Shrine Club ("GSC"), a nonprofit organization, "in violation of the laws of the Territory of Guam (Title 9, G.C.A., Chapter 64 *et. seq.*)[.]" *Id.* at ¶¶ 3 and 13. The Indictment states that "GSC established Hafa Adai Bingo to conduct bingo games . . . after [the Director of the Guam Department of Revenue and Taxation ("DRT")] authorized the GSC to conduct charitable gaming." *Id.* at ¶ 3. The Government alleges that the defendants and others used "the name of GSC and its Hafa Adai Bingo's nonprofit status and bingo permits, so it would appear to the public and law enforcement agencies that Hafa Adai Bingo's fundraising activities were being conducted in compliance with Guam gambling laws." *Id.* at ¶ 15. The defendants' object was to "unjustly enrich themselves and others . . . under the guise of charitable and civic fundraising." *Id.* at ¶ 14.

The Government also alleges that Jose and other Guam Shrine Club officers falsely reported the organization's total revenues on tax filings and "wrote or caused to issue GSC checks, including profit distribution checks" to co-conspirators and their business entities. *Id.* at ¶¶ 16, 20.i, and 20-24.

Jose was Guam Shrine Club's vice president and president at various times. *Id.* at ¶ 5. Christine and Michael were not officers of Guam Shrine Club. Christine is the spouse of Jose

---

[3] Defendants Alfredo D. Leon Guerrero, Juanita Capulong, and Minda C. San Nicolas were also charged in the Indictment. Alfredo and Minda pled guilty, and Juanita did not file a Joinder to the Motion to Dismiss.

and business owner of Nanan Bray, and Michael is the business owner and operator of Ideal Ventures, LLC. *Id.* ¶¶ 4 and 7.

On February 23, 2024, Jose filed a Motion for Bill of Particulars requesting that the court require the United States to provide certain details relating to the charged offenses. *See* ECF No. 98. The Magistrate Judge granted in part Jose's Motion for Bill of Particulars, requiring the United States to "file a bill of particulars that identifies the specific provision or provisions of Guam's gambling statute [Jose] is alleged to have violated and the government's theory of how the exception set forth in Section 64.70 of Title 9, Guam Code Annotated to Guam's general prohibition on gambling is not applicable to the alleged illegal conduct described in the Indictment." Order at 5, ECF No. 114.

The Government filed its Bill of Particulars, stating in relevant part the following:

> Title 9, Guam Code Annotated § 64.10(a) prohibits gambling. In Guam, the operation of bingo games can be conducted only by non-profit tax exempt organizations as authorized in Title 9, Guam Code Annotated § 64.70. In this case, between March 2015 and December 3, 2021, the defendants agreed to engage in and engaged in an illegal gambling business under the guise of using a nonprofit tax exempt charitable and civic organization – Guam Shrine Club's ("GSC") Hafa Adai Bingo – to conduct, finance, manage, supervise, direct and shield its business and money laundering activities. The defendants operated Hafa Adai Bingo as an illegal gambling business by conducting bingo games, retaining and diverting bingo profits and proceeds. They used GSC's nonprofit tax exempt status and charitable/civic fundraising bingo permits, among other things, as a cover to shield their illegal gambling business and money laundering.
>
> . . .
>
> The GSC officers did not retain GSC's bingo proceeds and apply the net proceeds for transportation of children/one parent to Shriners Hospital for Children in Honolulu, as stated in GSC's fundraising applications with Guam's Department of Revenue & Taxation. Instead, the GSC officers issued profit distribution and other checks to co-conspirators Won Sun Min ("Min") and defendant Marasigan. Min and Marasigan received over $2 million and $15 million of bingo proceeds, respectively, from GSC.

      Thereafter, Marasigan/Ideal Ventures issued checks to other co-conspirators – Minda San Nicolas/TSAC Ventures (over $700,000 bingo proceeds), Juanita Capulong (over $600,000 bingo proceeds), and Christine Chan/Nanan Bray (over $1,000,000 bingo proceeds).

Bill of Particulars, ECF No. 115.

      Jose then filed the instant Motion to Dismiss. *See* Mot., ECF No. 138. The United States opposes the Motion. *See* Opp'n, ECF No. 146.

## II. Legal Standard

      An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" FED. R. CRIM. P. 7(c)(1). An indictment is sufficient if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (citation omitted). It is generally sufficient to track the words in the statute provided that the statute sets forth the elements of the crime and is accompanied by a statement of facts and circumstances to inform of the defendant of the charge. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

      "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it doesn't." *Id.* (citations omitted).

## III. Discussion

      For Count 1, Conspiracy to Operate Illegal Gambling Business, Defendants are charged under 18 U.S.C. §§ 371 and 1955(a).

Section 1955 provides in relevant part the following:

> (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both.
>
> (b) As used in this section—
>
> > (1) "illegal gambling business" means a gambling business which—
> > (i) is a violation of the *law of a State* or political subdivision in which it is conducted;
> > (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
> > (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.
> > . . .
> >
> > (6) "*State*" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and *any territory or possession of the United States*.

18 U.S.C. § 1955(a) and (b) (emphasis added).

Under the Guam statute, gambling such as bingo[4] is illegal under 9 GUAM CODE ANN. § 64.10. However, the Guam statute carves out and authorizes certain activities.[5] Pertinent to this case is Section 64.70. A nonprofit organization may apply from the Director of DRT for a permit to conduct bingo games if it meets certain criteria, such as the bingo games being "confined solely to the qualified members of the sponsoring organization, no member of which receives remuneration in any form for time or effort devoted to the promotion and management of the bingo games[;]" and that "all net proceeds derived from such gambling activities are used exclusively for the purposes stated in the sponsoring organization's application to conduct such

---

[4] Section 64.10(a)(1) makes it a misdemeanor when a person "makes or accepts a wager involving money or anything of monetary value upon the result of any game or contests[.]"

[5] *See generally* Article 2 of Chapter 64 of Title 9, Guam Code Annotated.

activities, which purposes shall be limited to educational, charitable, religious, fraternal or civic purposes." 9 GUAM CODE ANN. § 64.70(b)(2) and (3).

If the nonprofit organization violates the provisions of 9 GUAM CODE ANN. § 64.70, the Director of DRT has the authority to immediately revoke the permit. *See* 9 GUAM CODE ANN. § 64.70(d). As a further consequence, "the Director shall not issue any permit to such permittee within three (3) years following the date of such violation." *Id.* There is no criminal penalty if a nonprofit organization violates 9 GUAM CODE ANN. § 64.70. *See id.*

As a result, Jose argues that the Indictment should be dismissed because under *United States v. Gordon*, the Ninth Circuit held that a defendant is not engaged in "illegal gambling business" within the meaning of 18 U.S.C. § 1955, by violating nonpenal regulations of the state law. *See United States v. Gordon*, 464 F.2d 357 (9th Cir. 1972). If the state law only leads to civil sanctions and not a violation of the state's criminal laws, 18 U.S.C. § 1955 does not apply. *Id.* at 357-58.

The court agrees with Jose that 9 GUAM CODE ANN. § 64.70 provides for non-penal sanctions. However, whether or not this statute applies to the individual defendants is a factual matter that belongs to the jury. A plain reading of 9 GUAM CODE ANN. § 64.70 shows that the Guam Legislature clearly intended this carved-out provision in Guam's gambling statute to apply only to nonprofit organizations. The defendants here are not a nonprofit organization. Rather, they are individuals. Jose was an officer of Guam Shrine Club at one point or another, and Christine and Michael are alleged coconspirators of Jose and other Guam Shrine Club officers, as well as others not belonging to Guam Shrine Club. Whether or not the defendants were conducting bingo games on behalf of Guam Shrine Club; whether or not their conduct was outside of Guam Shrine Club's authorized bylaws; and whether or not they acted outside of their fiduciary duties, are questions for the jury and not for the court.

1   Had Guam Shrine Club been indicted as one of the defendants in this case, then Jose's argument as to Guam Shrine Club would be viable. And that is because, 9 GUAM CODE ANN. § 64.70 provides for non-penal sanctions to nonprofit organizations and Guam Shrine Club is a nonprofit organization.

The court finds that the Indictment does not fail to state an offense and therefore, there is no basis to dismiss the case.

### IV. Conclusion

Based on the foregoing, the Motion to Dismiss is **DENIED**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Jun 14, 2024**